UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMIL PETER TOLOTTI, also known as PETER TOLOTTI,

    Defendant.

3:15-CV-00324-LRH-VPC

ORDER

    Before the Court is Plaintiff United States of America's ("United States") Motion to Dismiss Defendant Emil Peter Tolotti's ("Tolotti") Counterclaims. Doc. #10.[1] Tolotti filed an Opposition (Doc. #13), to which the United States replied (Doc. #14).

**I. Factual Background**

    This case arises from claims that Tolotti misused Department of Treasury and Internal Revenue Service names. Tolotti registered a business entity by the name of "Department of the Treasury – Internal Revenue Service": NV Business ID: NV19941107841, as a Domestic Corporation, with the Nevada Secretary of State. On June 18, 2015, the United States filed a complaint against Tolotti seeking to nullify and enjoin his unlawful business entity filing with the secretary of state. Doc. #1. On September 21, 2015, Tolotti filed an answer and asserted two counterclaims against the United States. Doc. #4. In his first counterclaim, Tolotti contends that the United States seeks to take his private property without compensation and seeks

---

[1] Refers to the Court's docket number.

1

compensation of $1 million. *Id*. In his second counterclaim, Tolotti contends that the United States used a fraudulent exhibit as a basis for taking his private property without due process of law and just compensation, and he seeks $2 million and appropriate compensatory, punitive, and other damages. *Id*. On November 20, 2015, the United States filed a motion to dismiss defendant's counterclaims. Doc. #10. Tolotti filed a response on December 7, 2015. Doc. #13. The United States filed a reply on December 17, 2015. Doc. #14.

**II. Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's "judicial experience and common sense," that the defendant is liable for the misconduct alleged. *See id.* at 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of

2

discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III. Discussion**

The United States argues that Tolotti's counterclaims should be dismissed because the Court lacks jurisdiction over his counterclaims. They argue that Tolotti fails to demonstrate a waiver of sovereign immunity and fails to set forth a claim upon which relief may be granted. "The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir.2003). Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim. *Id*. The United States must express unequivocally its waiver of sovereign immunity, and the terms of the waiver define the court's jurisdiction. *Id*. Absent such a waiver, sovereign immunity bars both equitable and legal claims. *Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. of Oil and Gas Conservation of State of Mont.*, 792 F.2d 782, 792 (9th Cir.1986). "A party bringing an action against the United States 'bears the burden of demonstrating an unequivocal waiver of immunity.'" *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1005 (9th Cir.1998) (quoting *Mitchell v. United States*, 787 F.2d 466, 467 (9th Cir.1986)). "Absent consent to sue, dismissal of the action is required." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

Tolotti has failed to meet that burden. Tolotti has not asserted a statutory waiver of sovereign immunity upon which the Court can rely as a jurisdictional basis. In his response, Tolotti maintains that the Court has jurisdiction over his first counterclaim, taking his private

3

property without compensation, pursuant to the Fifth Amendment. However, Tolotti's allegations of potential violations of the Fifth Amendment to the Constitution "are not sufficient to waive sovereign immunity and establish jurisdiction." *Horejs v. United States*, No. 02-35288, 2002 WL 1769274, at *1 (D. Ariz. Sept. 20, 2002). The Ninth Circuit held that although "there is a considerable appeal to the proposition that a remedy for a constitutional violation ought not to be defeated by the common law doctrine of sovereign immunity[,]" such issues are "foreclosed ... by a long line of Supreme Court cases[2] [.]" *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986).

Next, Tolotti maintains that the Court has jurisdiction over his second counterclaim, for sums wrongfully collected under internal-revenue laws, pursuant to 28 U.S.C. § 1346. That section waives the government's sovereign immunity by authorizing federal district courts to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *United States v. Williams*, 514 U.S. 527, 531–32, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir.1996) ( "Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected."). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). One express condition of Congress's waiver of sovereign immunity is 26 U.S.C. § 7422(a), which, tracking the language of § 1346(a)(1), provides that:

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or

---

[2] Citing *Hill v. United States*, 50 U.S. 386, 9 How. 386, 13 L.Ed. 185 (1850); *United States v. Lee*, 106 U.S. 196, 207, 1 S.Ct. 240, 249, 27 L.Ed. 171 (1882); *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U.S. 381, 388, 59 S.Ct. 516, 517, 83 L.Ed. 784 (1939).

of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *see also Dalm*, 494 U.S. at 601, 110 S.Ct. 1361.

If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and, as the Ninth Circuit has "repeatedly held[3], the district court is necessarily divested of jurisdiction over the action." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007). Tolotti does not assert, and the record does not suggest, that he satisfied § 7422(a)'s statutory requirements by filing an administrative claim with the IRS. Accordingly, even if Tolotti otherwise would have standing to maintain an action under § 1346(a)(1), Tolotti is barred from relying on that section as a basis of waiver of sovereign immunity in this case. Therefore, Tolotti has not met his burden to establish a waiver of sovereign immunity as to either of his counterclaims and dismissal is warranted without reaching the questions of whether or not his counterclaims set forth a claim upon which relief may be granted.

///

///

///

---

[3] Citing *Omohundro v. United States*, 300 F.3d 1065, 1066–67 (9th Cir.2002) (per curiam) ("To bring an action for credit or refund of overpaid taxes, a taxpayer must first file an administrative claim with the IRS. ... A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit."); *Imperial Plan*, 95 F.3d at 26 (" 'A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid.' ") (quoting *Miller v. United States*, 38 F.3d 473, 474 (9th Cir.1994)); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987) ("Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund, and a claim is not duly filed unless it is timely." (citations omitted)); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir.1985) ("The regulations promulgated under section 7422(a) state, 'The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.' If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed, because filing pursuant to the rules is a jurisdictional prerequisite." (citations omitted)); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985) ("Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the full amount of the contested penalty assessment, and has filed a claim for refund which the IRS has either rejected or not acted upon in six months.") (citations and emphasis omitted) (citing § 7422(a)).

**IV. Conclusion**

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss Defendant's Counterclaims (Doc. #10) is GRANTED.   Defendant Tolotti's counterclaims are DISMISSED with prejudice from defendants' answer (Doc. #4).

IT IS SO ORDERED.

DATED this 6th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE