1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA

8                                    * * *

9    UNITED STATES OF AMERICA,

10          Plaintiff,                        3:15-CV-00324-LRH-VPC

11          v.

12    EMIL PETER TOLOTTI, also known as       <u>ORDER</u>
      PETER TOLOTTI,
13
            Defendant.
14

15

16          Before the Court is Plaintiff United States of America's ("United States") Motion for

17    Summary Judgment.  ECF No. 16.[1]  Defendant Emil Peter Tolotti ("Tolotti") did not respond.

18    **I. Factual Background**

19          This case arises from claims that Tolotti misused Department of Treasury and Internal

20    Revenue Service names.  Tolotti registered a business entity by the name of "Department of the

21    Treasury – Internal Revenue Service": NV Business ID: NV19941107841, as a Domestic

22    Corporation, with the Nevada Secretary of State.  On June 18, 2015, the United States filed a

23    complaint against Tolotti seeking to nullify and enjoin his unlawful business entity filing with

24    the secretary of state.  ECF No. 1.  On January 6, 2016, this Court dismissed Tolotti's

25    counterclaims with prejudice.  ECF No. 15.  On April 15, 2016, the United States filed a motion

26    for summary judgment.  ECF No. 16.  Tolotti did not respond.

27    ///

28    _____
      [1] Refers to the Court's docket number.

                                              1

## II. Legal Standard

Pursuant to Local Rule 7–2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal.  LR 7–2(d).  A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it.  *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition).

Even without an opposition, the court must apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law.  *Henry*, 983 F.2d at 950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters*., LLC, 625 F.Supp.2d 1099, 1103 (W.D. Wash. 2009).

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

2

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24, 106 S.Ct. 2548. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III. Discussion**

The misuse of Department of the Treasury names and symbols is prohibited by statute. 31 U.S.C.A. § 333. Specifically, no person may use "the words 'Department of the Treasury,' or the name of any service, bureau, office, or other subdivision of the Department of the Treasury" in connection with "any advertisement, solicitation, business activity, or product" in a manner which could be reasonably construed as conveying "the false impression that such advertisement, solicitation, business activity, or product is in any manner approved, endorsed, sponsored, or authorized by, or associated with" the Department of the Treasury. *Id.* Here, Tolotti registered a business entity by the name of "Department of the Treasury – Internal Revenue Service." This is clearly a violation of 31 U.S.C. § 333. As the United States has noted, a law firm has already mistakenly assumed that service of its pleadings on Tolotti was proper notice to the Internal Revenue Service, and a pro se plaintiff has used Tolotti's entity filing as support for her allegation that the Internal Revenue Service is not a United States governmental entity.

The United States also requests the Court permanently enjoin Tolotti from using, listing, or posting, in connection with or as part of any advertisement, solicitation, business activity or product, the words "Department of the Treasury" or "Internal Revenue Service." Section

7402(a) of the Internal Revenue Code specifically authorizes district courts to issue injunctions "as may be necessary and appropriate for the enforcement of the internal revenue laws." 26 U.S.C.A. § 7402(a).  The test for obtaining injunctive relief required that the United States establish: (1) actual success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest.  *See Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 381 (2008) (citation omitted).

First, the United States has established actual success on the merits.  As discussed above, Tolotti's business entity clearly violates 31 U.S.C. § 333.

Second, when an injunction is expressly authorized by statute and the statutory conditions are satisfied, the movant is not required to establish irreparable injury before obtaining injunctive relief.  *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172 (9th Cir. 1987).  The United States has adequately demonstrated that Tolotti has interfered with the administration and enforcement of internal revenue laws.

Third, the balance of harm weighs in favor of the United States.  The entity filed by Tolotti with the Nevada Secretary of State lacks a factual or legal basis, and thus has no force or legal effect.  Therefore, Tolotti could not be injured by an injunction preventing him from recording a similar entity in the future.  On the other hand, if the entity filing with the Nevada Secretary of State is allowed to remain, third parties may believe they have given proper notice to the IRS or use it as an improper defense to the valid enforcement of internal revenue laws, which would harm the United States.  Therefore, this factor weighs in favor of granting the injunction.

Fourth, the United States has established that it is in the interest of the public that a permanent injunction be issued against Tolotti.  Given the public's interest in the judicial process, the fair administration and enforcement of federal tax laws, and the prevention of abuse of process, it is in the interest of the public that the United States' motion be granted.

///

///

4

**IV. Conclusion**

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment (ECF No. 16) is GRANTED.  The Clerk of Court shall enter judgment in favor of Plaintiff United States, and against Defendant Tolotti.

IT IS FURTHER ORDERED that the Court determines, adjudges, and declares that the use by Defendant Tolotti of the names at issue violates 31 U.S.C. § 333, as a civil matter, and the name listings and references at issue shall be expunged and removed from public record and be null, void, and of no legal effect.

IT IS FURTHER ORDERED that Emil Peter Tolotti is permanently enjoined from using, listing, or posting, in connection with or as part of any advertisement, solicitation, business activity, or product, the words "Department of the Treasury" or "Internal Revenue Service," including, but not limited to, permanently enjoining Defendant Tolotti and his agents or others from using or listing said names in reference to, or in connection with, his Domestic Corporation, Entity Number C 15802-1994 or any other entity granted or created by him, including under Tolotti's Nevada Business ID: NV 19941107841 and including Tolotti listing or holding himself out as Noncommercial Registered Agent, or Registered Agent, for said names at issue in this case.


IT IS SO ORDERED.

DATED this 7th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE